# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:09CR00032 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PETER MARTIN FRANCISCO**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Robert M. Galumbeck, Galumbeck, Dennis & Kegley, Tazewell, Virginia, for Defendant.*

In this Opinion, I explain the reasons for the sentence imposed on the defendant.

The defendant, Peter Martin Francisco, a dentist, pleaded guilty to three counts of unlawful distribution of a schedule III controlled substance, Zydone (hydrocodone), in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(D) (West 1999 & Supp. 2009).  The facts of the case indicate that the defendant wrote prescriptions to three individuals who in turn filled the prescriptions and returned the drugs to the defendant, who used them himself.  There were at least 491 prescriptions written over a nearly nine-year period, ending in April of 2009.  One of the individuals who obtained the drugs for the defendant was an employee of his who otherwise received

nothing in return. Two others (a friend and his wife) were assisted by him financially by gifts, paying bills, and cosigning loans.

The defendant illicitly used opiates for many years and became addicted, leading to his present criminal activity. After the disclosure of that activity, he entered a 12-week inpatient drug abuse program. He was released in July 2009 and entered into a five-year agreement with the Virginia Health Practitioners Monitoring Program, by which he is subjected to peer monitoring and random drug testing. He was allowed to resume his dental practice on a restricted basis in October of 2009 and has had no positive drug screens. He has been regularly attending drug counseling and NA and AA meetings.

When first confronted by law enforcement authorities, he promptly admitted his wrongful conduct and has been fully cooperative with the government in the investigation and prosecution of the case.

Dr. Francisco is 58 years old, and has practiced dentistry since 1976. Since 1999 he has been employed in a private family practice, primarily seeing children, and prior to that he was a dentist for the U.S. Public Health Service and a local public health department. He has been married for 35 years and has no children. He has no prior criminal record.

A probation officer of this court has prepared a Presentence Investigation Report ("PSR"), in which the defendant's sentencing range under the advisory Sentencing Guidelines was calculated. There were no unresolved objections to that calculation. The defendant was scored with a Total Offense Level of 15 and a Criminal History Category of I, which translated into a sentencing range of 18 to 24 months of imprisonment.

While the court must begin the sentencing process by "correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), the court may reject a sentence within the range "because a sentence within the Guidelines fails to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

In imposing a sentence, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009). The Fourth Circuit has characterized these statutory purposes in summary form as follows: to punish the defendant, to deter him and others from future crimes, to incapacitate the defendant in order to protect the public, and to rehabilitate the defendant. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). The court is required to impose a sentence "sufficient, but not greater than necessary," to comply with these purposes. 18 U.S.C.A. § 3553(a).

The court must explain the reasons for its sentence, regardless of whether the sentence is above, below, or within the advisory guideline range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). This explanation must contain an "'individualized assessment' based on the particular facts of the case before [the court]." *Id.* (quoting *Gall*, 552 U.S. at 50). Moreover, "a major departure [from the guidelines] should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

I find that a sentence within the advisory guideline range in this case does not reflect the § 3553(a) factors and the circumstances warrant a different sentence.[1]

---

[1] The court must "state in open court" its reasons for the sentence, 18 U.S.C.A. § 3553(c) (West Supp. 2009), and I recited these reasons orally at the defendant's sentencing.

The defendant's crimes were certainly serious. The power given to a professional to prescribe opiates can be extremely dangerous when misused, as in this case. On the other hand, the defendant's culpability is mitigated by the fact that the drugs were not distributed to third persons who used them, which is the usual case. Moreover, the defendant has clearly recognized his addiction and taken exemplarily steps to combat it. He shows genuine shame and remorse for his conduct. In addition, the defendant has a impressive history of charitable works, predating the exposure of his criminal conduct. The PSR recited in this regard as follows:

> Dr. Francisco has been an upstanding citizen in his community and he has been very active in community affairs. He is a past President of the Cancer Society. During this time, he organized activities for fund raising for the Cancer Society and brought dental students from the University of Virginia to his area to provide cancer screening and education. He also served as a member of the Tazewell County Rotary Club where he developed a teacher of the year award. He received the Paul Harris Fellow Award from the Rotary Club, the highest honor bestowed on an individual by the club. He served as an Elder in the Presbyterian Church and served as youth leader where he was instrumental in the establishment of the "Child Shall Lead Them" food bank. He is a charter member of the local YMCA, and he continues as a member and financial contributor.
>
> Dr. Francisco and his wife have donated over $100,000 to a Memorial Youth Fund at the Thompson Valley Presbyterian Church, used for scholarships for the young people of the church and he has contributed $20,000 to the Tazewell Crisis Ministry of Tazewell County. These funds are used to help keep needy families from being evicted, having the electricity or water cut off, assistance in the purchase of fuel oil for home heating purposes, and help with money for critical prescriptions

> and dental care. Finally, he has worked with needy children in the
> community, providing dental care at reduced rates or no charge at all for
> those with no insurance.

(PSR §§ 30, 31.) Witnesses at the sentencing hearing testified as to the defendant's good reputation, professionally and otherwise, in his community. Fortunately, it does not appear that the defendant's addiction affected the quality of his dentistry.

I recognize that many defendants convicted for drug offenses do not have the financial resources to allow them to enter private inpatient substance abuse treatment programs or make large charitable contributions. Moreover, many drug defendants are also addicts who distributed to others solely in order to obtain drugs for themselves because they lacked the money to otherwise buy them. It is important that sentencing decisions not be made on the basis of a defendant's financial status, because general respect for the law is an important aspect of sentencing. *See United States v. Engle*, 592 F.3d 495, 504-05 (4th Cir. 2010) (holding that probationary sentence was substantively unreasonable in tax evasion case, since it was based on defendant's ability to pay restitution).

The government argues that a prison sentence is necessary in the defendant's case in order to deter him and others from similar criminal conduct in the future. While I recognize the importance of deterrence, as well as the seriousness of the defendant's crimes, I find those factors outweighed by the circumstances of the

crimes here, the defendant's prior responsible behavior, and by his prompt and so-far- effective efforts to change his behavior. While the defendant's financial situation has perhaps made it easier for him, it is clear that the extent of his post-offense conduct and acceptance of responsibility justify more lenient punishment.

For these reasons, an appropriate sentence in this case is three years of probation, together with a fine of $10,000, and a requirement of 400 hours of community service. The defendant must also pay restitution for the costs of the drugs that he illegally prescribed.

DATED: April 8, 2010

/s/ JAMES P. JONES
Chief United States District Judge